1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
WESLEY A. KRUEGER, SB# 272860
2    E-Mail: Wesley.Krueger@lewisbrisbois.com
CELINE SIM, SB# 337276
3    E-Mail: Celine.Sim@lewisbrisbois.com
633 West 5th Street, Suite 4000
4  Los Angeles, California 90071
Telephone: 213.250.1800
5  Facsimile: 213.250.7900

6  Attorneys for Defendant,
UST Testing Services, Inc.
7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 | JUAN R. VILLASENOR, | Case No.
SALVADOR VILLASENOR, |
12 | MARIO GALVAN, individually, and | **_CLASS ACTION_**
on behalf of all others similarly |
13 | situated, | **DEFENDANT UST TESTING
| SERVICES, INC.'S NOTICE OF
14 |          Plaintiffs, | REMOVAL TO FEDERAL COURT
| PURSUANT TO 28 U.S.C. §§ 1331, 1441(a),
15 |      vs. | 1446, AND 1367(a)**
16 | UST TESTING SERVICES, INC., a | **FEDERAL QUESTION JURISDICTION**
California corporation, and DOES 1 |
17 | through 10, inclusive, | **(Superior Court of California, County of Contra
| Costa Case No. C24-02032)**
18 |          Defendants. |

19

20        **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

21 **THE NORTHERN DISTRICT OF CALIFORNIA:**

22        **PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § § 1331, 1367(a),

23 1441, 1446, and 1453, Defendant UST TESTING SERVICES, INC. ("UST"), by and

24 through its counsel, hereby removes the above-captioned state court action, originally

25 filed as Case No. C24-02032 in the Contra Costa Superior Court, to the United States

26 District Court for the Northern District of California.  UST removes the action on the

27 basis of federal question jurisdiction pursuant to section 301 of the Labor

28

**LEWIS
BRISBOIS
BISGAARD
& SMITH LLP**
ATTORNEYS AT LAW

1  Management Relations Act. In support of this Notice of Removal, UST states as

2  follows:

# **TABLE OF CONTENTS**

**Page**

I.     COMPLAINT AND TIMELINESS OF REMOVAL ......................................4

II.    VENUE ..............................................................................................5

III.   FACTUAL BACKGROUND ..................................................................5

IV.    LEGAL STANDARDS FOR REMOVAL .................................................7

V.     BASIS FOR FEDERAL QUESTION JURISDICTION................................7

       A.     Cause of Action For Failure to Pay Overtime ...........................11

       B.     Cause Of Action For Failure To Provide Compliant Meal Periods ................12

       C.     Cause of Action For Rest Period Violations ..............................14

VI.    PLAINTIFFS' FAILURE TO REFERENCE THE CBA OR SECTION 301 OF
       THE LMRA IN THEIR COMPLAINT DOES NOT PRECLUDE REMOVAL........16

VII.   BASIS FOR SUPPLEMENTAL JURISDICTION.....................................17

VIII.  COMPLIANCE WITH STATUTORY REQUIREMENTS ..........................18

DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Adames v. Exec Airlines, Inc.*,

5
    258 F.3d 7 (1st Cir. 2001) ..................................................................................... 14

6

*Aguilera v. Pierlli Armstrong Tire, Corp.*,
    223 F.3d 1010 (9th Cir. Cal. 2000) ....................................................................... 11

7

8

*Allis-Chalmers Corp. v. Lueck*,
    571 U.S. 202 (1985) ................................................................................................. 9

9

10

*Burnside v. Kiewit Pacific Corp.*,
    491 F.3d 1053 (9th Cir. 2007.) ................................................................................ 9

11

*Caterpillar, Inc. v. Williams*,

12
    482 U.S. 386 (1987) ............................................................................................ 7, 16

13

*Curtis v. Irwin Industries, Inc.*,
    913 F.3d 1146 (2019) .................................................................................... *passim*

14

*Ethridge v. Harbor House Rest.*,

15
    861 F.2d 1389 (9th Cir. 1988) .............................................................................. 18

16

*Firestone v. S. Cal. Gas. Co.*,
    219 F.3d 1063 (9th Cir. 2000) ......................................................................... 8, 10

17

*Flowers v. L.A. County Metro. Trans. Auth*,

18
    243 Cal. App. 4th 66 ............................................................................................. 15

19

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*,

20
    463 U.S. 1 (1983) ................................................................................................... 16

21

*Franco v. E-3 Sys.*,
    No. 19-cv-01453-HSG, 2019 U.S. Dist. LEXIS 195396 (N.D. Cal. Nov. 8,

22
    2019) ....................................................................................................................... 17

23

*Kobold v. Good Samaritan Regional Medical. Ctr.*,

24
    832 F.3d 1024 (9th Cir. 2016) ......................................................................... 9, 10

25

*Landy v. Pettigrew Crewing, Inc.*,
    No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525 (C.D. Cal. Nov. 22, 2019) .................. 10

26

*Levy v. Skywalker Sound*,

27
    108 Cal. App. 4th 753 (2003) ............................................................................... 10

28



*Lippitt v. Raymond James Financial Servs., Inc.*,
    340 F.3d 1033 (9th Cir. 2003).................................................................................... 16

*Marquez v. Toll Global Forwarding*,
    804 F. App'x 679 (9th Cir.2020) .............................................................................. 13

*Milne Employees Ass'n v. Sun Carriers, Inc.*
    960 F.2d 1401 (9th Cir. 1991)................................................................................... 16

*Newberry v. Pac. Racing Ass'n*,
    854 F. 2d 1142 (9th Cir. 1988)..................................................................................... 9

*Radcliff v. San Diego Gas & Elec. Co.*,
    519 F.Supp.3d (S.D.Cal. 2021) ................................................................................. 13

*Rodriguez v. Gonsalves & Santucci, Inc.*,
    Case No. 21-cv-07874-LB .......................................................................................... 15

*Salveson v. Western States Bankcard Assoc.*
    731 F.2d 1432 (9th Cir. 1984)................................................................................... 18

*Schroeder v. Trans World Airlines, Inc.*,
    702 F. 2d 189 (9th Cir. 1983), overruled in part on other grounds by *Moore-*
    *Thomas v. Alaska Airlines, Inc., 553 F.3d 1241 (9th Cir. 2009)*............................. 16

*Voorehees v. Naper Aero Club, Inc.*,
    272 F.3d 398 (7th Cir. 2001)....................................................................................... 9

*Young v. Anthony's Fish Grottos, Inc.*,
    830 F. 2d 993 (9th Cir. 1987).............................................................................. 11, 16

**Constitutions**

United States Constitution Article III................................................................................ 7

**Statutes**

28 U.S.C. 1446 .................................................................................................................. 7

28 U.S.C. §§ 84 and 1441(a) ........................................................................................... 5

28 U.S.C. § 1331 ............................................................................................................... 7

28 U.S.C. §§ 1331, 1367(a), 1441, 1446, 1453........................................................... 18

28 U.S.C. § 1367(a).................................................................................................... 7, 17

28 U.S.C. § 1441(a)........................................................................................................... 7

28 U.S.C. § 1446(a).......................................................................................................... 18

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28 U.S.C. § 1446(b)(3) .................................................................................................. 5

28 U.S.C. § 1446(d) ..................................................................................................... 17

28 U.S.C. § 1453 ........................................................................................................... 7

Cal. Code Regs. § 11160 ......................................................................................... 13, 14

Labor Code § 204 ........................................................................................................ 11

Labor Code § 226 ........................................................................................................ 14

Labor Code § 512 ........................................................................................................ 12

Labor Code § 512(e) .................................................................................................... 13

Labor Code §§ 512(e) and (f) ...................................................................................... 12

Labor Code § 514 ................................................................................................... 11, 12

Labor Management Relations Act, 29 U.S.C. § 185 ...................................................... 8

LMRA ........................................................................................................... 8, 11, 14

LMRA § 301 ........................................................................................................... *passim*

LMRA § 301(a) ........................................................................................................... 11

**Court Rules**

Fed. R. Civ. P. 81(c) .................................................................................................... 18

Federal Rules of Civil Procedure Rule 11 .................................................................... 18

**Other Authorities**

IWC Wage Order 16 .................................................................................................... 14

IWC Wage Order 16, § 1 0(E), (F) ............................................................................... 13

Servs., *LLC* .................................................................................................................. 8


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

# I.    <u>COMPLAINT AND TIMELINESS OF REMOVAL</u>

2       1.      On August 1, 2024, Plaintiffs Juan R. Villasenor, Salvador Villasenor,

3 and Mario Galvan, on behalf of themselves and all others similarly situated

4 (collectively the "Plaintiffs"), filed a civil action in the Superior Court of the State of

5 California in and for the County of Contra Costa, entitled *Juan R. Villasenor,*

6 *Salvador Villasenor, Mario Galvan, individually, and on behalf of all others similarly*

7 *situated v. UST Testing Services, Inc., a California corporation, and DOES 1 through*

8 *10, inclusive*, Case No. C24-02032 ("Class Action"). (Declaration of Wesley A.

9 Krueger ("Krueger Decl.") ¶2) A true and correct copy of the Summons, Proof of

10 Service of Summons, and Complaint are attached as Exhibit C.

11      2.      Plaintiffs served UST Testing with the September 17, 2024, complaint

12 via substitution service, and service was effected on September 27, 2024.

13 (Declaration of Bob Peacock in support of Defendant UST Testing's Notice of

14 Removal to Federal Court ("Decl. Peacock"), ¶ 5.)

15      3.      The August 1, 2024, complaint did not identify Plaintiffs as members of

16 any union, did not identify whether a collective-bargaining agreement ("CBA")

17 applied to the putative class, and did not facially identify whether the claims were

18 grounded in a CBA.

19      4.      Based on the Complaint and its knowledge that all Plaintiffs were union

20 members, UST, immediately began an investigation of its records to identify which

21 CBA governed their employment, and whether resolution of the claims required

22 interpretating the CBA.  (Decl. Peacock, ¶ 3.)

23      5.      Based on the Complaint, UST also investigated its records to identify the

24 degree to which CBA governed potential putative class members, as defined in the

25 respective pleading, and whether the applicable CBA prohibited Plaintiffs from

26 bringing claims on a class or representative basis (Decl. Peacock, ¶ 4.)

27      6.      UST identified Plaintiffs as members of the United Association Local

28 342 union ("UA Local 342"); identified the governing CBA and concluded that the

**LEWIS**
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

collective bargaining agreement with UA Local 342 (the "CBA") grounded each of Plaintiffs' claims. (See Decl. Peacock, ¶ 9.)

7.    This Notice of Removal is filed within the thirty (30) daytime limit for removal set forth in 28 U.S.C. § 1446(b)(3).

## II.    VENUE

8.    The Superior Court of the State of California, County of Contra Costa, is within the United States District Court for the Northern District of California. Thus, venue in the United States District Court for the Northern District of California is proper under 28 U.S.C. §§ 84 and 1441(a).

## III.    FACTUAL BACKGROUND

9.    Plaintiff Juan R. Villasenor worked for UST from August 31, 2015, to July 20, 2023. (Decl. Peacock, ¶ 5.)

10.    Plaintiff Salvador Villasenor worked for UST from January 19, 2015 to July 20, 2023. (Decl. Peacock, ¶ 6.)

11.    Plaintiff Mario Galvan worked for UST from June 7, 2017 to July 17, 2023. (Decl. Peacock, ¶ 7.)

12.    Plaintiff Juan R. Villasenor, Salvador Villasenor, and Mario Galvan (collectively "Plaintiffs") pursue a class action on behalf of themselves and the following putative classes: "[a]ll hourly-paid and non-exempt employees who work or worked for Defendant in California" from roughly August 1, 2020 through the date when notice of class certification to the Class is sent. (the "Putative Class" or "Putative Class Members"). (See Exh. C ¶ 37.)

13.    The asserted Labor Code violations for Plaintiffs individually and the class action are (1) Failure to pay all minimum wages; (2) Failure to pay all overtime wages; (3) Failure to Provide Meal periods; (4) Failure to Authorize and Permit Rest period violations; (5) Failure to Provide to indemnify Necessary Business Expenses; (6) Failure to Timely Pay Final Wages at Termination; (7)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Failure to Provide Accurate Itemized Wages statements; and (8) Unfair competition.

2   (See Exh. C ¶¶ 32–96.)

3   / / /

4       14.    The period of time Plaintiffs have placed in controversy is August 1,

5   2020 through trial (the "Class Period"). (See Exh. C ¶ 25.)

6       15.    At all times relevant to this lawsuit, all of the individual Plaintiffs have

7   been subject to a CBA with United Association Local 342.   While employed by UST

8   during the putative Class Period, Plaintiffs Juan Villasenor's, Salvador Villasenor's,

9   and Mario Galvan's terms and conditions of employment were governed by the

10  Master Labor Agreement with UA Local 342, effective July 1, 2018 through June 30,

11  2021 and the successive version of the Master Labor Agreement with UA Local 342,

12  effective July 1, 2021 through June 30, 2024. (Decl. Peacock, ¶¶ 3, 6-8.)

13      16.    As Plaintiffs were covered by the terms of UST's CBA with UA Local

14  342, any claims alleging violations of Labor Code provisions, including, but not

15  limited to, overtime, meal period, rest period, and derivative violations must be

16  adjudicated under the CBA's contractual grievance procedure set forth in Article IV

17  of the CBA. (See Decl. Peacock, ¶ 10.)

18      17.    The operative CBAs covering the period at issue both contain express

19  provisions regarding wages, meal periods, and rest periods.   UA Local 342 CBA

20  Article VIII Section 83. A, Section 84, and Article XII (effective as of 2018) and UA

21  Local 342 CBA Article VIII Section 82. A and Article XII (effective as of 2021)

22  expressly provide for wages, hours of work, and working conditions of employees.

23  (Decl. Peacock, ¶ 11, Exs. A and B.)

24      18.    UA Local 342 CBA Article VIII Section 85 (effective as of 2018) and

25  UA Local 342 CBA Article VIII Section 84 (effective as of 2021) provide premium

26  wage rates for all overtime hours worked and a regular hourly rate of pay for covered

27  employees.  (Decl. Peacock, ¶ 11, Exs. A and B.)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147410797.1                                    6
DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

19.    UA Local 342 CBA Article VIII, Sections 83 A (effective as of 2018) and UA Local 342 CBA Article VIII Section 82. A (effective as of 2021) provide for meal periods for covered employees and provide 30-minute paid and unpaid meal periods for shifts that exceed six hours of work, subject to varying conditions. (Decl. Peacock, ¶ 11, Exs. A and B.)

4.    UA Local 342 CBA Article VIII Section 83. B (effective as of 2018) and UA Local 342 CBA Article VIII Section 82. B (effective as of 2021) expressly provide for rest periods for covered employees and provide 10-minute net rest periods for every four (4) hours worked or major fraction thereof.  (Decl. Peacock, ¶ 11, Exs. A and B.)

21.    UA Local 342 CBA Article XII Section 124 (effective as of 2018) and UA Local 342 CBA Article XII Section 123 (effective as of 2021) provide weekly wage payment arrangement for its members.  (Decl. Peacock, ¶ 11, Exs. A and B.)

## IV.    LEGAL STANDARDS FOR REMOVAL

22.    This Court has original jurisdiction of this action under 28 U.S.C. § 1331 and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) because it presents/raises a federal question.

23.    Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

24.    Pursuant to 28 U.S.C. § 1453, a class action may be removed to a district court of the United States in accordance with 28 U.S.C. 1446.

## V.    BASIS FOR FEDERAL QUESTION JURISDICTION

25.    Although pleading standards generally permit a plaintiff to avoid federal jurisdiction based on a federal question by relying exclusively on state law, a plaintiff cannot do this where there is complete preemption. (*Caterpillar, Inc. v. Williams,*482

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

U.S. 386, 386-87 (1987). "Under the complete preemption doctrine, the preemptive force of a federal statute converts an ordinary state law common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint." (*Ayala v. Destination Shuttle* Servs., *LLC,* et al., No. CV 13-6141 GAF (PJW), 2013 U.S. Dist. LEXIS 191162, at *2 (C.D. Cal. Nov. 1, 2013)

26.    Here, Plaintiffs style their claims as arising under state law, but Section 301 of the

Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"), completely preempts Plaintiffs

California Labor Code claims for meal period violations, rest period violations, and derivative

Violations.   Plaintiffs' claims exist solely as a result of the CBA and/or require interpretation of the CBA, and, thus, are completely preempted by federal law under the LMRA. (29 U.S.C. § 185; *Firestone v. S. Cal. Gas. Co.,* 219 F.3d 1063, 1065 (9th Cir. 2000).)   "§ 301 has such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.   In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court." (*Curtis v. Irwin Industries, Inc.,* 913 F.3d 1146, 1152 (2019) (internal citation omitted for clarity).

27.    The Supreme Court has held that Section 301 completely preempts state law claims

for the enforcement of CBAs. (*Franchise Tax Bd. v. Cons tr. Laborers Vacation Trust, supra,* 463

U.S. at 23, 103 S. Ct. at 2853.) "The Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of labor contracts ... [t]hus, any suit 'alleging a violation of a provision of a labor contract must be brought under § 301 and be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

resolved by reference to federal law." (*Curtis v. Irwin Industries, Inc.,* 913 F.3d 1146, 1151-1152 (9th Cir. 2019) (citing *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202,210, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985); *Teamsters v. Lucas Flour* Co., 369 U.S. 95, 103-04, 82 S. Ct. 571, 7 L. Ed. 2d 593 (1962).)

28.    Furthermore, all state law claims alleged by a union-represented employee that require interpretation of a collective bargaining agreement must be brought pursuant to § 301. (*Allis-Chalmers Corp. v. Lueck,* 571 U.S. 202, 211 (1985); *Newberry v. Pac. Racing Ass'n,* 854 F. 2d 1142, 1146 (9th Cir. 1988) (concluding "[t]he preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement … any state claim whose outcome depends on analysis of the terms of the agreement."); see also *Voorehees v. Naper Aero Club, Inc.,* 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

29.    Courts within the Ninth Circuit apply a two-part analysis for determining whether a Section 301 preemption applies to a state law claim. *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1060 (9th Cir. 2007.) First, the court must ask "whether the asserted claim involves a "right [that] exists solely as a result of the CBA." (*Kobold v. Good Samaritan Regional Medical. Ctr.,* 832 F.3d 1024, 1032 (9th Cir. 2016) (quoting *Burnside, supra,* 491 F. 3d. at 1059.) This step asks: "Does the claim seek 'purely to vindicate a right or duty created by the CBA itself?" (*Curtis v. Irwin Industries, Inc,, supra,* 913 F.3d at 1152.) If the answer is yes, "then the claim is preempted and [the] analysis ends there." (*Burnside, supra*, 491 F.3d at 1059.) If the right exists independent of the CBA, the court turns to the second step and asks whether the claim is "substantially dependent on analysis of a collective-bargaining agreement." (*Curtis, supra,* 913 F.3d at 1153 (quoting

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Kobold, supra,* 832 F.3d at 1033 (internal quotation marks and citations omitted).)   A state law right

is substantially dependent on analysis of the CBA if the claim cannot be resolved without

interpreting the CBA. (*Id.*

30.     Here, as discussed below, Plaintiffs' claims for unpaid wages, meal periods, rest breaks, and derivative claims arise solely under a CBA, specifically the CBAs with UA Local 342 CBA covering 2020 to the present.   UST is a union contractor bound to the CBAs by virtue of its membership in the Northern California Mechanical Contractors Association.   (Decl. of Peacock ¶ 3.)   The terms and conditions of the employment of all three Plaintiffs during the relevant time period (August 1, 2020 to the present) were governed by the CBAs.   (See Decl. of Peacock ¶¶ 5-7, Exs. A and B.)   As discussed in detail below, UST complied with all requirements for the statutory exemptions to the Labor Code claims to apply. Therefore, the right exists as a result of the CBA, not the Labor Code.   (See *Curtis,* at 1155.)

31.     Additionally, preemption exists even if the court proceeds to the second prong as the claims are substantially dependent upon interpretation of a collective bargaining agreement.   (*Firestone,* 219 F.3d at 1066-67.) Preemption exists even where interpretation is only required to evaluate the employer's defense to a plaintiff's state law cause of action.   )See *Levy v. Skywalker Sound,* 108 Cal. App. 4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled … to wages at the level set by the CBA.").)   Any suit "alleging a violation of provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." (*Curtis*, at 1152, holding that "a state rule that purports to define the meaning or scope of a term in a contract suit therefore is pre-empted by federal labor law."); *Landy v. Pettigrew Crewing, Inc.,* No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *5 (C.D. Cal. Nov. 22, 2019) (finding

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147410797.1                                        10
DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

LMRA preemption regarding plaintiff's Labor Code § 204 claim and extending supplemental jurisdiction for plaintiff's other wage and hour claims because they form the same case and controversy).

32. As applied, § 301(a) of the LMRA wholly preempts any and all purported state law causes of action by an employee concerning a dispute over the terms and conditions of his employment, if the causes of action are "based directly on rights created by a collective bargaining agreement" or required the "interpretation of a collective bargaining agreement." See., *e.g., Aguilera v. Pierlli Armstrong Tire, Corp.,* 223 F.3d 1010, 1015 (9th Cir. Cal. 2000); *Young,* 830 F. 2d at 997–98.

33. Accordingly, and as discussed further below, Plaintiffs' unpaid overtime wages, failure to provide compliant meal periods and rest periods claims are completely preempted for themselves and Putative Class, whose employments are and were subject to Union CBAs, as the asserted right at issues "exist[] solely as a result of the CBA" or required the "interpretation of a collective bargaining agreement," resulting in grounds for § 301 of LMRA preemption.

34. Furthermore, Plaintiffs' unpaid minimum wages, inaccurate wage statement, unfair competition claims are "inextricably intertwined with considerations of the terms of the labor contract" providing grounds for § 301 of LMRA preemption. *Allis-Chambers,* 471 U.S. at 213.

### A.  <u>Cause of Action For Failure to Pay Overtime</u>

35. The Union CBAs satisfy the requirements of Labor Code § 514 and therefore Plaintiffs' rights related to overtime wages exists solely as a result of the applicable CBA.  (*Curtis,* at 1155.) Labor Code § 514 provides an exception if a CBA expressly provides (i) wage, hours of work, and working condition of the employees; (ii) premium wage rate for all overtime hours worked; and (iii) employees' regular rate of pay is not less than 30% more than the state minimum. If the CBA qualifies for Labor Code § 514 requirements, the covered employee's right related to overtime

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  wages exists as a result of the CBA, not Labor Code § 512, and the preemption exists.

2  (*Curtis,* at 1155.)

3    36.    Here, the Union CBAs meet the requirements of Section 514.  UA Local

4  342 CBA (effective July 1, 2018 through June 30, 2021) which governed Plaintiffs'

5  employment during the Class Period expressly provides for wages, hours of work,

6  and working conditions of Plaintiffs. (See e.g., Exh. A, Article VIII Section 83. A,

7  Section 84, and Article XII.)  The CBA also provides premium wage rates for all

8  overtime hours worked. (See Decl. Peacock, ¶ 11, Exh. A, Article VIII Section 85.)

9  The CBA also provides regular hourly rates of pay for covered employees that exceed

10  the then-state minimum wage rates by 30-percentage or more, as UA Local 342 CBA

11  provide wage rates that range from $25.04 to $80.98 per hour, subject to $3.25 per

12  hour increase each following year from July 2018. (See Exh. A, Article VII.)

13    37.    The successor CBA UA Local 342 CBA (effective July 1, 2021

14  through June 30, 2024) also expressly provides for wages, hours of work, and

15  working conditions of employees. (See e.g., Exh. B, Article VIII Section 82. A,

16  Section 83, and Article XII.) The CBA also provides premium wage rates for all

17  overtime hours worked.  (See Decl. Peacock, ¶ 11, Exh. A, Article VIII Section 84.)

18  The CBA also provides regular hourly rates of pay for covered employees that

19  exceed the then-state minimum wage rates by 30-percentage or more, as UA Local

20  342 CBA provide wage rates that range from $28.48 to $92.33 per hour, subject to

21  $3.70–$3.75 per hour increase each following year from July 2021. (See Exh. B,

22  Article VII.)

23    38.    Both Union CBAs satisfy Labor Code § 514 requirements: therefore,

24  Plaintiffs' overtime wage rights to exist solely as a result of UA Local 342 CBAs.

25    **B.**    **Cause Of Action For Failure To Provide Compliant Meal Periods**

26    39.    The California Labor Code provides an exemption from its meal period

27  requirements for employees, like the named Plaintiffs, employed in a construction

28  occupation covered by a valid collective bargaining agreement.  Specifically, Labor

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Code Sections 512(e) and (f) state that the thirty-minute meal period requirements of

2  Sections 512(a) and (b) do not apply to employees who are covered by a valid CBA

3  that meets the specified statutory criteria.  Plaintiffs here are covered by a CBA that

4  "expressly provides for the wages, hours of work, and working conditions of

5  employees, and expressly provides for meal periods for those employees, final and

6  binding arbitration of disputes concerning application of its meal period provisions,

7  premium wage rates for all overtime hours worked, and a regular hourly rate of pay

8  of not less than 30 percent more than the state minimum wage rate." Cal. Lab. Code§

9  512(e) See also, IWC Wage Order 16, § 1 0(E), (F), 8 Cal. Code Regs. § 11160(1

10  0)(E), (F) (employees in construction occupation subject to a valid CBA are exempt

11  from meal period requirements if CBA expressly provides for wages, hours of work,

12  and working conditions and provides premium wage rates for all overtime hours

13  worked and a regular hourly rate of pay for those employees of not less than 30 percent

14  more than the state minimum wage). Cal Lab. Code§ 226.7(e) expressly states that

15  Section 226.7, which provides a remedy for meal period violations, does not apply to

16  an employee who is exempt from meal period requirements pursuant to "other state

17  laws, including, but not limited to, a statute or regulation, standard or order of the

18  Industrial Welfare Commission." The Union CBAs under which Plaintiffs were

19  employed satisfy each requirement stated in Labor Code Section 512(e), and Plaintiffs

20  were covered by those CBAs. (See Decl. of Peacock ¶¶ 5-7, 11, Exs. A and B.) As a

21  result, Plaintiffs are exempt from California's meal period laws, and their rights

22  related to meal periods arise solely under the Union CBAs and are therefore

23  preempted. (See, *Marquez v. Toll Global Forwarding,* 804 F. App'x 679, 680 (9th

24  Cir.2020), quoting *Curtis, supra,* at 1155 ("The CBAs governing [plaintiffs]

25  employment ... meet the requirements of§ 512(e). As a result, [plaintiffs] right to meal

26  periods 'exist[s] solely as a result of the [CBAs].'"); *Radcliff v. San Diego Gas & Elec.*

27  *Co.,* 519 F.Supp.3d, 743, 752 (S.D.Cal. 2021)

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147410797.1                                                  13
DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

40.     Additionally, as a separate and distinct reason, The Union CBAs provide that the workday shall begin between the hours of 5:00 a.m. and 8:00 a.m. and end after eight and on-half hours with a one-half hour unpaid lunch period as close to mid-shift as reasonably possible. (See Exh. A, Article VIII. Section 83. A. Exh. B, Article VIII. 82. A.) Given the above-cited Meal Period Provision, Plaintiffs' meal break claims would necessarily require interpretation of the CBAs.   A resolution of Plaintiffs' non-compliant meal period claim would not require the Court to merely consult or refer to UA Local 342 CBAs. On the contrary, the Court would be required to apply a fact-sensitive analysis to determine the meaning of terms and the timing of meal periods. These are questions reserved for federal courts under the LMRA. (*Adames v. Exec Airlines, Inc.,* 258 F.3d 7, 16 (1st Cir. 2001) (finding claims for uncompensated work time preempted when interpretation of a collective bargaining agreement was necessary to determine whether a claim's "factual predicates" give rise to liability).)

////

### C.     Cause of Action For Rest Period Violations

41.     The same is true of Plaintiffs' Labor Code § 226. 7 claim for Rest Period Violations. Cal Lab. Code§ 226.7(e) states that Section 226.7 does not apply to an employee who

is exempt from rest period requirements pursuant to an order of the Industrial Welfare Commission. IWC Wage Order 16, applicable to construction occupations, provides a specific

exemption to its rest break requirements for employees in the construction industry who are

covered by a valid CBA which provides equivalent protection. (IWC Wage Order 16, § ll(E); 8

Cal. Code Regs.§ 11160(1 l)(E).)  The Union CBAs, which covered Plaintiffs' work,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

provides such equivalent protection. ((See Decl. of Peacock ¶¶ 5-7, 11, Exs. A and B.) As a result,

Plaintiffs are exempt from the applicable state rest break requirements, and their rest period rights

arise solely under the Union CBAs.  (*Rodriguez v. Gonsalves & Santucci, Inc.,*Case No. 21-cv-07874-LB at p. 8 (N.D. Cal. 2022; see also, *Flowers v. L.A. County Metro. Trans. Auth,* 243 Cal. App. 4th 66, 85 (Wage Order's rest period requirements did not apply because a resolution of Plaintiffs' non-compliant rest period claim requires the Court to interpret, at a minimum, applicable CBA's provision related to hours of work and compensation for hours worked.)  Therefore, Plaintiffs' claims are preempted by federal law.

42.    Additionally, any rest period cause of action inescapably requires interpretation as to key CBA provisions. For example, the Rest Period provisions in the CBA allow for "staggering … to avoid interruption in the flow of work and to maintain continuous operations, or from scheduling rest periods to coincide with breaks in the flow of work that occur in the course of the workday." (See Exh. A, Article VIII. Section 83.B.1. Exh. B, Article VIII. 82.B.1.) Therefore a court must interpret what facts suffice to present, *inter alia*, an "interruption in the flow of work" to justify staggering.  Further, the provision provides that rest periods "need not be authorized in limited circumstances where the disruption of continuous operations would jeopardize the product or process of the work." (See Exh. A, Article VIII. Section 83.B.4. Exh. B, Article VIII. 82.B.4.)  This Court would have to engage in a fact-intensive analysis of interpretation to determine what facts constitute the "limited circumstances where the disruption of continuous operations would jeopardize the product or process of the work."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## VI.  **PLAINTIFFS' FAILURE TO REFERENCE THE CBA OR SECTION 301 OF THE LMRA IN THEIR COMPLAINT DOES NOT PRECLUDE REMOVAL.**

43.     Plaintiffs' complaint omits the fact that Plaintiffs were members of a union and that their employment was governed at all relevant times by, and was subject to, the terms of the CBA while they were employed by UST.  (See Exh. A and B.)  However, a plaintiff is not permitted to "artfully plead" to conceal the true nature of his complaint.  *Young v. Anthony's Fish Grottos, Inc.,* 830 F. 2d 993, 997 (9th Cir. 1987) (holding that plaintiff's state law claims was preempted even thought the operative complaint made no mention of a collective bargaining agreement); *Schroeder v. Trans World Airlines, Inc.,* 702 F. 2d 189, 191 (9th Cir. 1983), overruled in part on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241 (9th Cir. 2009).  Thus, the fact that Plaintiffs have not made specific reference to Section 301 or the CBA in their complaint does not preclude removal. See *Milne Employees Ass'n v. Sun Carriers, Inc.* 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by § 301.  See *Lippitt v. Raymond James Financial Servs., Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder,* 702 F.2d at 191.

44.     An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    complaint that comes within the scope of the federal cause of action necessarily

2    'arises' under federal law.").

3    ## VII.    <u>BASIS FOR SUPPLEMENTAL JURISDICTION</u>

4        45.    To the extent LMRA Section 301 does not preempt Plaintiffs' remaining

5    claims,

6    these claims are within the supplemental jurisdiction of the Court under 29 U.S.C. §

7    1367(a)

8    because they are "derived from a common nucleus of operative fact" and are such that

9    a plaintiff

10   would ordinarily be expected to try them in one judicial proceeding.  (*Kuba v. I-A*

11   *Agric. Ass 'n,* 3 87

12   F.3d 850, 855 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. Laborers Health*

13   *Welfare v.*

14   *Desert Valley Landscape Maint., Inc.,* 333 F.3d 923. 9?5 (9th Cir. 2003).   To the

15   extent any of Plaintiffs' remaining claims arise solely under California state law, this

16   Court has  supplemental  jurisdiction  over  these  claims  pursuant  to  28  U.S.C.  §

17   1367(a). (*See also, Franco v. E-3 Sys.,* No. 19-cv-01453-HSG, 2019 U.S. Dist. LEXIS

18   195396 at *10 (N.D. Cal. Nov. 8, 2019) ("Plaintiffs remaining claims under California

19   law [including failure to pay minimum wages, failure to provide accurate, itemized

20   wage statements, and violation of Bus. and Prof. Code§ 17200 *et* seq.].arise from the

21   same working conditions and relationship with Defendant during the same period as

22   Plaintiffs

23   [preempted] overtime claim . . .. Therefore, the Court finds that the claims derive from

24   a 'common

25   nucleus of operative fact and asserts supplemental jurisdiction over the remaining

26   claims.")

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147410797.1

17

DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

## VIII. <u>COMPLIANCE WITH STATUTORY REQUIREMENTS</u>

46.     Pursuant to 28 U.S.C. § 1446(d),  UST will promptly file with the Clerk of the Superior Court for the State of California, County of Contra Costa and serve upon Plaintiffs, a copy of this Notice of Removal and a Notice to Adverse Party of this Removal.

47.     The defendants that Plaintiffs designate as Does 1 through 10 are fictitious defendants. To UST's knowledge, they have not been served and therefore do not have to join in the Notice of Removal. (See *Salveson v. Western States Bankcard Assoc.* 731 F.2d 1432, 1429 (9th Cir. 1984), superseded by statute on unrelated grounds as noted in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 n. 3 (9th Cir. 1988).)

48.     The undersigned counsel for UST has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. § 1446(a).

**WHEREFORE,** UST removes this action, Case No. C24-01032, from the Superior Court of California, County of Contra Costa, to the docket of this Honorable Court pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441, 1446, 1453 and Fed. R. Civ. P. 81(c).


DATED:  October 17. 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
WESLEY A. KRUEGER
CELINE SIM
Attorneys for Defendant,
UST Testing Services. Inc.

DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

# FEDERAL COURT PROOF OF SERVICE
Juan R. Villasenor v. UST Testing Services, Inc.
Case No. Federal Case No.: TBD

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 17, 2024, I served the following document(s): DEFENDANT UST TESTING SERVICES, INC'S NOTICE OR REMOVAL TO FEDERAL COURT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| Seung L. Yang, Esq.<br>Tiffany Hyun, Esq.<br>THE SENTINEL FIRM, APC<br>355 S. Grand Ave., Suite 1450<br>Los Angeles, CA 90071<br>Tel: 213.985.1150<br>Fax: 213.985.2155<br>Email:<br>seung.yang@thesentinelfirm.com<br>tiffany.hyun@thesentinelfirm.com<br>karen.arellano@thesentinelfirm.com<br>Christine.noh@thesentinelfirm.com<br>Emily.platt@thesentinelfirm.com | Attorneys for Plaintiffs *JUAN R. VILLASENOR, SALVADOR VILLASENOR, and MARIO GALVAN* |

The documents were served by the following means:

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on October 17, 2024, at Los Angeles, California.

/s/ Beatrice Hilke
Beatrice Hilke

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

147410797.1                                                 1
DEFENDANT UST TESTING SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT